# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MATTHEW W. SCOFIELD,              )
                                  )
                    Plaintiff,    )
                                  )
vs.                               )          Case No. 12-1368-MLB-KGG
                                  )
FORMATION PLASTICS,               )
                                  )
                    Defendant.    )
_____)

## REPORT & RECOMMENDATION ON
## <u>MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES</u>

In conjunction with his federal court Complaint alleging employment discrimination, Plaintiff Matthew W. Scofield has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed).  Having reviewed Plaintiff's submissions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis*

when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 28 years old and married with no dependents. (Doc. 3-1, at 1-2.) Plaintiff is currently employed, earning a modest wage. (*Id*., at 2.) His wife is also employed. He has received unemployment benefits during the past 12 months. (*Id*., at 4.) He also lists a notable amount of cash on hand. (*Id*.)

Plaintiff owns no real property, but does own a modest automobile outright. (*Id*., at 4.) He enumerates reasonable monthly expenses, including rent, certain utilities, telephone, automobile insurance, and groceries. (*Id*., at 5.) He has never filed for bankruptcy.

Considering all of the information contained in the financial affidavit, including Plaintiff's income and cash on hand, Plaintiff has not established that his

2

access to the Courts would otherwise be seriously impaired if he is not granted *IFP* status.  Under these circumstances, the undersigned Magistrate Judge **recommends** that Plaintiff's motion for *IFP* status be **DENIED**.[1]

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's motion for *IFP* status be **DENIED**.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

---

[1]  A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal.  ***Lister v. Department of Treasury***, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

**IT IS SO RECOMMENDED**.

Dated at Wichita, Kansas, on this 6th day of November, 2012.

        s/ KENNETH G. GALE

KENNETH G. GALE

United States Magistrate Judge